CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 20 2009

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| VINCENT EDWARD BERGER,<br>Petitioner, | ) Civil Action No. 7:08-cv-00461<br>)<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| WARDEN E. BARKSDALE,<br>Respondent. | ) By: Hon. James C. Turk<br>) Senior United States District Judge |

Vincent Edward Berger, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Berger challenges his firearms convictions from the Circuit Court of Pittsylvania County. Berger argues that his counsel provided constitutionally ineffective assistance and the court convicted him based on insufficient evidence. The respondent filed two motions to dismiss, and Berger responded to each motion, making the matter ripe for the court's disposition. After reviewing the record, the court dismisses the petition.

I.

Following a bench trial, the Circuit Court of Pittsylvania County found Berger guilty of two counts of possession of a firearm by a convicted felon and one count of discharging a firearm in an occupied building. The circuit court subsequently sentenced Berger to five years incarceration for each count of firearm possession and five years incarceration, suspended, for the firearm discharge count.

Berger appealed his conviction to the Court of Appeals of Virginia, arguing that he lacked the requisite mens rea to commit the offense and the evidence was insufficient to prove he discharged a firearm into an occupied dwelling and knowingly possessed firearms. The Court of Appeals of Virginia held in a per curiam opinion issued on November 17, 2006, that the evidence

was sufficient to support the convictions and his mens rea claim was defaulted because it was not raised at trial. A three-judge panel of the Court of Appeals affirmed the per curiam opinion on February 9, 2007. Berger appealed to the Supreme Court of Virginia, which refused his petition on July 3, 2007.

Berger filed a habeas corpus petition in the Circuit Court of Pittsylvania County on February 20, 2008. Berger claimed that counsel was ineffective for failing to argue that: Amos' testimony was tainted and did not show he possessed the firearms; the evidentiary chain of custody was broken; no evidence linked him to gunshot residue; the search warrant was invalid; he was unlawfully interrogated without counsel; and the Commonwealth lacked the "corpus delecti." Berger also argued that counsel failed to suppress unreliable gunshot evidence and to introduce exculpatory and impeachment evidence. Berger also claimed that counsel failed to separate the issues of prior ownership of the firearms with possession of the firearms during the incident. The circuit court dismissed the habeas petition on April 11, 2008. Berger filed a notice of appeal in the circuit court, but he did not file a petition for appeal. The Supreme Court of Virginia subsequently dismissed his case for failing to file a petition.[1] (Mem. Supp. Mot. Dismiss (docket #16) Ex. 1).

Berger filed his federal habeas petition on August 11, 2008. Berger argues that counsel provided constitutionally ineffective assistance because he failed to investigate, object to evidence, present impeachment evidence, request exculpatory evidence, renew his motion to strike, move to set aside the verdict, and include evidence beyond the trial record in his appeal.

---

[1] Rule 5:17(a) of the Rules of the Supreme Court of Virginia states, "In every case in which the appellate jurisdiction of this Court is invoked, a petition for appeal must be filed with the clerk of this Court: (1) in the case of an appeal direct from a trial court, not more than three months after entry of the order appealed from[.]"

2

In his response to the motion to dismiss, Berger alleges that he filed a "Petition to Wit: 'Stay' - and - 'Abey'" with the Supreme Court of Virginia on May 23, 2008. (Resp't Supplemental Mot. Dismiss (docket #20) Ex. 1.) Berger requested that the Supreme Court of Virginia "hold his appellate proceedings in abeyance" while the chief judge of the Circuit Court of Pittsylvania County reviewed Berger's request to have his circuit court habeas petition handled by someone other than the trial judge. Id. Berger argues that this petition sufficiently informed the Supreme Court of Virginia of his habeas claims. The Supreme Court of Virginia denied the "petition to wit" seven days later on May 30, 2008. Id. at Ex. 2.

The court granted Berger's motion to amend to include claims that the evidence was insufficient to prove that Berger discharged a firearm within an occupied dwelling and he knowingly possessed firearms. These two claims mirror the claims Berger raised to the Supreme Court of Virginia on his direct appeal.

II.

A.

Federal courts grant habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court. 28 U.S.C. § 2254(b)(1). To properly present a claim to a state court, a petitioner must discuss "operative facts and the controlling legal principles[.]" Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) (internal quotation marks omitted). However, "presentation to the state court of a state law claim that is similar to a federal claim does not exhaust the federal claim." Baker

3

v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000); see Duncan v. Henry, 513 U.S. 364, 366 (1995).

If a petitioner fails to present his claims to the highest state court, the claim will be considered exhausted if it clearly would be procedurally barred under independent and adequate state law grounds. Gray v. Netherland, 518 U.S. 152, 161 (1996). A "failure to appeal claims disposed of by a state habeas trial court constitutes a procedural bar to further federal review of such claims." Whitley v. Bair, 802 F.2d 1487, 1500 (4th Cir. 1986). A federal court may not subsequently review an exhausted, defaulted claim because the claim is considered adjudicated on independent and adequate state law grounds. Gray, 518 U.S. at 161; see Teague v. Lane, 489 U.S. 288, 298-99 (1989); see also Va. Code § 8.01-654(A)(2), (B)(2); Va. Sup. Ct. R. 5:17(a)(1). However, a petitioner may be excused from procedural default if he can demonstrate cause and prejudice for the default or that "failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thomspon, 501 U.S. 722, 749 (1991) (internal quotation marks omitted).

The court finds that Berger's ineffective assistance of counsel claims are procedurally defaulted under independent and adequate state law grounds. See Va. Sup. Ct. R. 5:17(a)(1). Berger did not submit a petition of appeal describing his ineffective assistance of counsel claims to the Supreme Court of Virginia. Consequently, these claims would be procedurally barred under Virginia law if he presented them now. Berger does not establish any cause and prejudice or a fundamental miscarriage of justice to excuse his procedural default. Accordingly, Berger's ineffectiveness of counsel claims must be dismissed.[2] See Wise v. Williams, 982 F.2d 142, 143,

---

[2] Even if the court were to review all of the ineffective assistance of counsel claims on their merits, the Circuit Court of Pittsylvania County adjudicated and rejected all of Berger's ineffectiveness of counsel claims, and its decision is not contrary to clearly established federal law or based on an unreasonable determination of the facts.

4

146 (4th Cir. 1982) (affirming district court's conclusion that state habeas claim was procedurally defaulted due to prisoner's failure to timely file his notice of appeal).

B.

A federal court may not grant habeas relief for a claim adjudicated by a state courts unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d); see Williams v. Taylor, 529 U.S. 362, 376-77 (2000). An "adjudication on the merits" for § 2254(d) includes a claim that was decided in state court, even in summary fashion. Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir. 1999).

A state court determination of a factual issue is "presumed to be correct" and that presumption may be rebutted only "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). A state court conviction will not be disturbed if the federal habeas court determines that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" after viewing the evidence in the light most favorable to the prosecution. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (original emphasis).

Berger argues that the evidence was insufficient to prove that he discharged a firearm within an occupied dwelling and knowingly possessed firearms.[3] Berger presented these claims

---

See Vincent Edward Berger, # 357714 v. Senior Warden H. J. Ponton, No. CL8000077-00, slip op. at 5-20 (Cir. Ct. Pittsylvania Co. April 11, 2008). As such, the court would alternatively defer to the decision of the circuit court and dismiss the ineffectiveness of counsel claims.

[3] The due process clause of the Fourteenth Amendment protects a state court defendant from conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970).

5

to the Supreme Court of Virginia on his direct appeal, but the Supreme Court of Virginia refused to hear his petition. Therefore, the court may rely on the per curiam opinion issued by the Court of Appeals of Virginia. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) (holding that a federal court can rely on a reasoned state court judgment resting primarily on federal law when later unexplained state court orders uphold that judgment); Jones v. Murray, 947 F.2d 1106, 1110 (4th Cir. 1991) (stating written findings of historical fact by the state habeas court are presumed to be correct and entitled to deference unless shown to be erroneous).

The Court of Appeals held that the evidence was sufficient to convict Berger of discharging a firearm and knowingly possessing five firearms.[4] The court reviewed the trial record, which the Court of Appeals of Virginia aptly summarized as follows:

> So viewed, the evidence proved that [Mrs.] Amos visited [Berger] at his house in Pittsville, Virginia[,] on December 28, 2004[,] to repair his washing machine. While she was standing in the kitchen, she heard gunshots. She went to the living room where she found [Berger] outside peering through the window at the front of the house. She testified that [Berger] entered the house holding a rifle or a shotgun and that he shot a glass jug in the living room near where she was standing. The jug burst apart, and shards of glass sliced into Amos'[] arm and hand. [Berger] lost his balance and fell over on a television set and pointed the gun at Amos, who ran out the door. [Berger] chased Amos, shouting.
>
> Amos contacted Investigator Jerry Hagerman and told him what had occurred. She showed him some of the metal particles that had wounded her, which Hagerman identified as shot from a rifle. Hagerman arrested [Berger] and found a .22 rifle in his Jeep. Hagerman questioned [Berger], who told Hagerman he had stood in the doorway

---

[4] Virginia Code § 18.2-279 states, in pertinent part, that:
    If any person maliciously discharges a firearm within any building when occupied by one or more persons in such a manner as to endanger the life or lives of such person or persons, . . . the person so offending is guilty of a Class 4 felony. . . . If any such act be done unlawfully, but not maliciously, the person so offending is guilty of a Class 6 felony[.]

To convict a person for constructive possession of a firearm, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control." Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984).

6

and fired a rifle loaded with rat shot at a jug sitting atop a television set inside the house. The police found broken glass on the floor where [Berger] told Hagerman the jug had been. Besides the .22 rifle in [Berger]'s Jeep, the police found five additional firearms in an outbuilding near the house. Amos testified that [Berger] had used a building on her property to house these guns, but that she had moved them to [Berger]'s outbuilding after informing him that she would do so.

Berger v. Commonwealth, No. 0731-06-3, slip op. at 1-2 (Va. Ct. App. Nov. 17, 2006); see also Tr. Tran. (Nov. 1, 2005) at 50-72, 75-76, 78-79, 81-98, 103-12, 117, 126, 129-36, 143-44. The trial court, upon announcing the verdict after a bench trial, stated:

> Well, the evidence on the 28th is that [Berger] came in the house with the gun, fired it. [Amos] was three feet from the television set at the time and part of the glass or part of the pellets from the shot actually lodged in her, her wrist area or her arm or, he admits that he did that to the police. I mean he tells the police that he, he shot the gun like that and so clearly . . . the Court has an abundance of evidence for the 28th. The second charge on the 31st is a little less clear, but what we have is the defendant's vehicle . . .but along with the evidence of shells that are found, the evidence is that the [.]22 rifle is found in the defendant's vehicle in plain view and the Commonwealth witness testified that she placed the other guns in the shed that he used and that he had access to and that they were his guns, so . . . while I understand what the defense is saying about Ms. Amos, . . . I found her testimony credible. I didn't find that she was trying to overstate the case against him and it's clear to the Court that he's also guilty on the second offense also along with the shooting into an occupied dwelling on the 28th.

(Tr. Tran. 143-44.)

Berger does not present clear and convincing evidence that the trial court resolved any factual issue incorrectly. Berger makes the same claims as he did while testifying, namely that Amos was a bitter, spurned lover who invented a story. The trial court gave more weight to the credibility of the Commonwealth's witnesses, investigators and the victim, verus the credibility of the defense witnesses, including the defendant. See Marshall v. Lonberger, 459 U.S. 422, 434 (1983) (stating federal habeas review does not redetermine the credibility of witnesses).

After reviewing the trial transcript and evidence in the light most favorable to the Commonwealth, the court finds that <u>any</u> rational trier of fact could have that found that Berger
7
Case 7:08-cv-00461-JCT-mfu  Document 29  Filed 02/20/09  Page 7 of 8  Pageid#: 237

discharged a firearm within an occupied dwelling and knowingly possessed firearms. Berger admitted to shooting the glass jar next to Amos while she stood inside the house. The resulting shards of lead and glass cut Amos' arm, and the police found a bullet casing and broken glass inside the house. The firearm Berger knowingly possessed to shoot the jar looked similar to the firearm laying in plain view inside his vehicle parked just outside his house. Amos also told Berger that she was placing firearms inside the shed, and Berger told her that she should not keep the firearms in a plastic bag because it makes the firearms rust. The shed was left unlocked, and Berger kept other personal property inside the shed with the firearms.

Therefore, Berger fails to establish that the evidence was insufficient to sustain his convictions, and he procedurally defaulted his ineffective assistance of counsel claims. Accordingly, Berger's petition for a writ of habeas corpus is dismissed.

### III.

For the foregoing reasons, the court grants the respondent's motions to dismiss and dismisses Berger's petition for a writ of habeas corpus.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER**: This 11th day of February, 2009.

*/s/ James C. Turk*
Senior United States District Judge

8